# EXHIBIT 1


# INTERNATIONAL TRADE COMMISSION

**[Investigation Nos. 701–TA–779 and 731–TA–1765–1766 (Preliminary)]**

## Chromium Trioxide From India and Turkey; Determinations

On the basis of the record [1] developed in the subject investigations, the United States International Trade Commission ("Commission") determines, pursuant to the Tariff Act of 1930 ("the Act"), that there is a reasonable indication that an industry in the United States is materially injured by reason of imports of chromium trioxide from India and Turkey, provided for in subheading 2819.10.00 of the Harmonized Tariff Schedule of the United States, that are alleged to be sold in the United States at less than fair value ("LTFV") and imports of the subject merchandise from India that are alleged to be subsidized by the government of India.[2]

### Background

On September 29, 2025, American Chrome & Chemicals, Inc., Canonsburg, Pennsylvania, filed petitions with the Commission and Commerce, alleging that an industry in the United States is materially injured or threatened with material injury by reason of subsidized imports of chromium trioxide from India and LTFV imports of chromium trioxide from India and Turkey. Accordingly, effective September 29, 2025, the Commission instituted countervailing duty investigation No. 701–TA–779 and antidumping duty investigation Nos. 731–TA–1765–1766 (Preliminary).

Notice of the institution of the Commission's investigations and of a public conference to be held in connection therewith was given by posting copies of the notice in the Office of the Secretary, U.S. International Trade Commission, Washington, DC, and by publishing the notice in the **Federal Register** of October 2, 2025 (90 FR 47820).[3] The Commission conducted its conference on December 4, 2025. All persons who requested the opportunity were permitted to participate.

[1] The record is defined in § 207.2(f) of the Commission's Rules of Practice and Procedure (19 CFR 207.2(f)).

[2] Unpublished **Federal Register** Notices, Department of Commerce, EDIS Document ID 867704, retrieved December 31, 2025.

[3] Due to the lapse in appropriations and ensuing cessation of Commission operations, the Commission tolled its schedule for this proceeding. The schedule was revised in subsequent notices published in the **Federal Register** on November 11 (90 FR 52096), December 18 (90 FR 59203), and December 30 (90 FR 61167).

The Commission made these determinations pursuant to §§ 703(a) and 733(a) of the Act (19 U.S.C. 1671b(a) and 1673b(a)). It completed and filed its determinations in these investigations on January 2, 2026. The views of the Commission are contained in USITC Publication 5968 (January 2026), entitled *Chromium Trioxide from India and Turkey: Investigation Nos. 701–TA–779 and 731–TA–1765–1766 (Preliminary).*

By order of the Commission.

Issued: January 2, 2026.

**Lisa Barton,**

*Secretary to the Commission.*

[FR Doc. 2026–00378 Filed 1–9–26; 8:45 am]

**BILLING CODE 7020–02–P**

# INTERNATIONAL TRADE COMMISSION

**[Investigation No. 337–TA–1477]**

## Certain Wearable Devices With Fall Detection and Components Thereof; Notice of Institution of Investigation

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on December 12, 2025, under section 337 of the Tariff Act of 1930, as amended, on behalf of UnaliWear, Inc. of Austin, Texas. Supplements to the complaint were filed on December 31, 2025 and January 5, 2026. The complaint, as supplemented, alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain wearable devices with fall detection and components thereof by reason of the infringement of certain claims of U.S. Patent No. 10,051,410 ("the '410 patent") and U.S. Patent No. 10,687,193 ("the '193 patent"). The complaint further alleges that an industry in the United States exists as required by the applicable Federal Statute. The complainant requests that the Commission institute an investigation and, after the investigation, issue a limited exclusion order and cease and desist orders.

**ADDRESSES:** The complaint, except for any confidential information contained therein, may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov.* For help accessing EDIS, please email *EDIS3Help@usitc.gov.* Hearing impaired individuals are advised that information

on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at (202) 205–2000. General information concerning the Commission may also be obtained by accessing its internet server at *https://www.usitc.gov.*

**FOR FURTHER INFORMATION CONTACT:** Pathenia M. Proctor, The Office of Unfair Import Investigations, U.S. International Trade Commission, telephone (202) 205–2560.

**SUPPLEMENTARY INFORMATION:**

*Authority:* The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2025).

*Scope of Investigation:* Having considered the complaint, the U.S. International Trade Commission, on January 7, 2026, ordered that—

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain products identified in paragraph (2) by reason of infringement of one or more of claims 1–20 of the '410 patent and claims 1–43 of the '193 patent, and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) Pursuant to section 210.10(b)(1) of the Commission's Rules of Practice and Procedure, 19 CFR 210.10(b)(1), the plain language description of the accused products or category of accused products, which defines the scope of the investigation, is "electronic watches with the capability to detect when a user has suffered a fall, and components thereof";

(3) Pursuant to Commission Rule 210.50(b)(l), 19 CFR 210.50(b)(1), the presiding administrative law judge shall take evidence or other information and hear arguments from the parties or other interested persons with respect to the public interest in this investigation, as appropriate, and provide the Commission with findings of fact and a recommended determination on this issue, which shall be limited to the statutory public interest factors set forth in 19 U.S.C. 1337(d)(l), (f)(1), (g)(1);

(4) For the purpose of the investigation so instituted, the following

are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainant is: UnaliWear, Inc., 3901 S Lamar Blvd., Suite 150, Austin, TX 78704.

(b) The respondents are the following entities alleged to be in violation of section 337, and are the parties upon which the complaint is to be served:

Apple, Inc., One Apple Park Way, Cupertino, CA 95014

Samsung Electronics Co., Ltd., 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443–742, Republic of Korea

Samsung Electronics American, Inc., 85 Challenger Rd., Ridgefield Park, NJ 07660

Google LLC, 1600 Amphitheatre Parkway, Mountain View, CA 94043

Garmin Ltd., Mühlentalstrasse 2, 8200 Schaffhausen, Switzerland

Garmin International, Inc., 1200 E 151st Street, Olathe, KS 66062

Garmin USA, Inc., 1200 E 151st Street, Olathe, KS 66062

(c) The Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street SW, Suite 401, Washington, DC 20436; and

(5) For the investigation so instituted, the Chief Administrative Law Judge, U.S. International Trade Commission, shall designate the presiding Administrative Law Judge.

Responses to the complaint and the notice of investigation must be submitted by the named respondents in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(e) and 210.13(a), such responses will be considered by the Commission if received not later than 20 days after the date of service by the Commission of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of a respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Issued: January 8, 2026.

**Lisa Barton,**

*Secretary to the Commission.*

[FR Doc. 2026–00345 Filed 1–9–26; 8:45 am]

**BILLING CODE 7020–02–P**

## JUDICIAL CONFERENCE OF THE UNITED STATES

### Advisory Committee on Appellate Rules; Hearing of the Judicial Conference

**AGENCY:** Judicial Conference of the United States.

**ACTION:** Advisory Committee on Appellate Rules; notice of cancellation of open hearing.

**SUMMARY:** The following public hearing on proposed amendments to the Federal Rules of Appellate Procedure has been canceled: Appellate Rules Hearing on February 6, 2026.

**DATES:** February 6, 2026.

**FOR FURTHER INFORMATION CONTACT:** Carolyn A. Dubay, Esq., Chief Counsel, Rules Committee Staff, Administrative Office of the U.S. Courts, Thurgood Marshall Federal Judiciary Building, One Columbus Circle NE, Suite 7–300, Washington, DC 20544, Phone (202) 502–1820, *RulesCommittee_Secretary@ao.uscourts.gov.*

**SUPPLEMENTARY INFORMATION:** The announcement for this hearing was previously published in the **Federal Register** on July 14, 2025 at 90 FR 31242.

(Authority: 28 U.S.C. 2073.)

Dated: January 8, 2026.

**Shelly L. Cox,**

*Management Analyst, Rules Committee Staff.*

[FR Doc. 2026–00331 Filed 1–9–26; 8:45 am]

**BILLING CODE 2210–55–P**

## DEPARTMENT OF LABOR

### Employment and Training Administration

### Notice of the Federal Unemployment Tax Act (FUTA) Credit Reductions Applicable for 2025

**AGENCY:** Employment and Training Administration, Department of Labor.

**ACTION:** Notice.

**SUMMARY:** Sections 3302(c)(2)(A) and 3302(d)(3) of FUTA provide that employers in a state that has outstanding advances under Title XII of the Social Security Act on January first of two or more consecutive years are subject to a reduction in credits otherwise available against the FUTA tax for the calendar year in which the most recent such January first occurs, if advances remain on November 10 of that year. Further, Section 3302(c)(2)(C) of FUTA provides for an additional credit reduction for a year if a state has outstanding advances on five or more consecutive January firsts and has a balance on November 10 for such years. Section 3302(c)(2)(C) provides for waiver of this additional credit reduction and substitution of the credit reduction provided in Section 3302(c)(2)(B) if a state meets certain conditions.

As of January 1, 2025, California, Connecticut, New York, and the U.S. Virgin Islands had outstanding advances for two or more consecutive years and employers in these states were potentially subject to a FUTA credit reduction for 2025. Connecticut and New York each repaid their outstanding advances before November 10, 2025. As a result, employers in Connecticut and New York are not subject to a FUTA credit reduction for 2025. Neither California nor the U.S. Virgin Islands repaid all outstanding advances before November 10, 2025.

California has had outstanding advances on January first for five consecutive years, and the U.S. Virgin Islands has had outstanding advances on January first for sixteen consecutive years. As such, employers in California and the U.S. Virgin Islands are subject to the basic credit reduction under Section 3302(c)(2)(A), FUTA, and were potentially liable for an additional reduction under Section 3302(c)(2)(C), FUTA. Both California and the U.S. Virgin Islands applied for a waiver of this additional credit reduction and ETA determined that each state legally satisfied the conditions for this waiver per Section 3302(f)(2)(B), FUTA. Therefore, there will be no additional add-on credit reduction in California or the U.S. Virgin Islands.

Employers in California are subject to a FUTA credit reduction of 1.2 percent for 2025. Employers in the U.S. Virgin Islands are subject to a FUTA credit reduction of 4.5 percent for 2025.

**Susan Frazier,**

*Acting Assistant Secretary for Employment and Training, Labor.*

[FR Doc. 2026–00342 Filed 1–9–26; 8:45 am]

**BILLING CODE 4510–FW–P**